**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MV INNOVATIONS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Case No. 2:26-cv-2406<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff MV Innovations Inc. ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for design patent infringement under the Patent Act against the defendant stores identified on Schedule A attached hereto (collectively, "Defendants"). All Defendants are knowingly and intentionally making, using, importing, offering for sale, and selling products that infringe the Plaintiff's design patent (the "Infringing Products"). In support hereof, Plaintiff states as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

2. Personal jurisdiction over each Defendant satisfies constitutional due process because each Defendant has purposefully directed and expressly aimed its tortious activities at the Commonwealth of Pennsylvania and established sufficient minimum contacts with Pennsylvania by, among other things, being willing to accept an order for a product infringing the ornamental design claimed in Plaintiff's patent from a representative of Plaintiff with a Pennsylvania address, being willing to ship the products to that representative in Pennsylvania, and being willing to

collect Pennsylvania sales tax. In addition, upon information and belief, each Defendant has sold additional products that directly infringe Plaintiff's design patent to consumers within Pennsylvania not affiliated in any way with Plaintiff through the regular course of business, with the knowledge that Plaintiff is harmed in Pennsylvania as a result of their sales of infringing products to Pennsylvania residents. Plaintiff's claims arise out of and relate to Defendants' sales of infringing products to Pennsylvania residents through the regular course of business.

3. Upon information and belief, Defendants have cooperated, communicated, shared information, and coordinated their efforts in order to create an infringing marketplace operating in parallel to the legitimate marketplace of Plaintiff and third parties authorized to sell products embodying Plaintiff's design, including: employing and benefitting from substantially similar paid advertising, marketing, and advertising strategies (e.g., search engine optimization or "SEO"), in order to make their online storefronts appear more relevant and target a consumer searching for products embodying Plaintiff's design. By their actions, in addition to the damages associated with unauthorized use of Plaintiff's design, Defendants are causing concurrent and irreparable harm to Plaintiff and the consuming public by: (1) reducing the online visibility of Plaintiff's design; (2) diluting and eroding the retail market price for Plaintiff's design; (3) causing overall degradation of the value of goodwill associated with Plaintiff's design; (4) devaluing the exclusivity that enhances the worth of Plaintiff's art and reputation; and (5) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's design.

4. Upon information and belief, Defendants are aware of Plaintiff and Plaintiff's design patent and are aware that their infringement is likely to cause harm to Plaintiff in Pennsylvania.

5. Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized sale of the Infringing Products in direct competition with Plaintiff.

6. Personal jurisdiction over each Defendant satisfies the Pennsylvania long-arm statute, and therefore Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure. 42 Pa. Cons. Stat. § 5322 (a) provides in pertinent part:

> "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit."

Defendants are subject to jurisdiction under the Pennsylvania long-arm statute because, upon information and belief, Defendants have committed design patent infringement in Pennsylvania by making, using, importing, offering for sale, and/or selling unauthorized imitations of products embodying Plaintiff's design in Pennsylvania, accepting orders from Pennsylvania residents, shipping infringing products into Pennsylvania, and collecting Pennsylvania sales tax on such orders.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391: Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District.

## II. INTRODUCTION

8. Plaintiff files this action to combat online infringers making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of unauthorized and unlicensed products that infringe Plaintiff's design patent (the "'718 Patent" or "HANG HERO Design"). *See* **Exhibit 1**. Like many other intellectual property right owners, Plaintiff suffers ongoing daily and sustained violation of its intellectual property rights at the hands of infringers, such as Defendants herein. Defendants have created Internet Stores by the dozens, making, using, importing, and distributing products that infringe the ornamental design claimed in the HANG HERO Design to sell copycat versions of Plaintiff's Products. Plaintiff is and continues to be harmed and Defendants earn substantial profits from their infringing activities.

9. Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants and suggesting that Defendant Internet Stores share common manufacturing sources and that Defendants' infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants have gone to great lengths to avoid liability by concealing both their identities and the full scope and interworking of their infringing operation, including changing the names of their Stores frequently, opening new Stores, helping their friends open Stores, and making subtle changes to their products. Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's federally issued design patent. Because of Defendants' actions, Plaintiff has been and continues to be irreparably damaged through the loss of the exclusivity conferred by its patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design. Accordingly, Plaintiff seeks injunctive and monetary relief.

## III. THE PARTIES

### Plaintiff MV Innovations Inc.

10. Plaintiff is a private California corporation and is the creator and seller of high-quality tools designed to help homeowners measure, level, and nail art or photo frames (the "HANG HERO Products"). Plaintiff sells these products through the company's website[1] and authorized retail channels.[2] The HANG HERO Products embody the design claimed in the '718 Patent and have achieved commercial success from the Plaintiff's patented design and its appearances on national television.

11. Among Plaintiff's most important assets is the '718 Patent. Specifically, Plaintiff is the lawful assignee and owner of U.S. Patent No. D949,718 (the "'718 Patent" or "HANG HERO Design") that covers the ornamental features of its HANG HERO Products. Defendants' sales of the Infringing Products in violation of Plaintiff's patent rights are irreparably damaging Plaintiff. The registration details of the '718 Patent are shown in the chart below:

| Patent Number | Patent Claim | Issue Date |
|---|---|---|
| US D949,718 | The ornamental design for a wall punch, as shown and described.  FIG. 1 | Apr. 26, 2022 |

[1] www.myhanghero.com
[2] Including Home Depot, Walmart, CVS, Walgreens, Ace Hardware

| Patent Number | Patent Claim | Issue Date |
|---|---|---|
| | <br>FIG. 2<br><br>FIG. 3<br><br>FIG. 4<br><br>FIG. 5<br><br>FIG. 6<br><br>FIG. 7 | |

12. The ‘718 Patent is valid and enforceable. The ’718 Patent was lawfully issued on April 26, 2022, with named inventors William Arbuckle and Michael Van Horst. HANG HERO Products embody the design claimed in the ‘718 Patent. A true and correct copy of the ‘718 Patent is attached hereto as **Exhibit 1**.

13. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting the HANG HERO Products embodying the

design claimed in the '718 Patent. The patented design is a significant driver of consumer demand for the HANG HERO Products, and Plaintiff's right to exclude others from making, using, offering for sale, selling, or importing products that embody that design is of substantial value to Plaintiff.

**Defendants**

14. Defendants are individuals and business entities who, upon information and belief, primarily reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Pennsylvania and in this Judicial District, through the operation of fully interactive commercial websites or Defendant Internet Stores in various online marketplaces. Each Defendant targets the United States, including Pennsylvania, and has offered to sell and, on information and belief, has sold and continues to sell knockoff products to consumers within the United States, including Pennsylvania and this Judicial District.

15. Defendants are an interrelated group of infringers who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine HANG HERO Products, while they actually sell inferior imitations of Plaintiff's HANG HERO Products. Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar knockoff products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, and check-out methods, lack of contact information, and identically or similarly priced products and volume sale discounts. As such, Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their

network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

16. Upon information and belief, at all relevant times hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the HANG HERO Design, including its right to exclude others from practicing the design claimed in the '718 Patent.

17. Defendants have purposefully directed some portion of their infringing activities towards consumers in this District through making, using, offering for sale, selling, or importing products embodying the Plaintiff's design.

18. Defendants compete directly with Plaintiff by making, using, importing, offering for sale, and selling infringing products embodying the design claimed in the '718 Patent to consumers within the United States, including in this District, through their Internet Stores.

19. Infringers, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

20. Defendants take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat infringement For example, counterfeiters take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L. L. & BUS. 157, 186 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical

hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 186–87. Therefore, with the absence of regulation, Defendants may and do garner sales from Pennsylvania residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Pennsylvania, accept payment in U.S. dollars, and, on information and belief, have sold knockoff products to residents of Pennsylvania.

21. Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Furthermore, Defendant domain names often use privacy services that conceal the owners' identities and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms by using the identities listed in Schedule A of this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

22. The unauthorized products for sale in Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the knockoff products are manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

23. Defendants, without authorization or license from Plaintiff, knowingly and willfully made, used, offered for sale, sold, and imported Infringing Products. Each Defendant Internet Store offers shipping to the United States, including Pennsylvania, and, on information

and belief, each Defendant has sold knockoff products into the United States, including Pennsylvania.

24. Defendants' unauthorized making, using, importing, offering for sale, and selling of the Infringing Products in the United States infringes the '718 Patent, because, in the eye of an ordinary observer familiar with the prior art, the designs of the Infringing Products are substantially the same as the design claimed in the '718 Patent. Defendants' infringement has caused and continues to cause Plaintiff irreparable harm.

25. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon the HANG HERO Design unless preliminarily and permanently enjoined. As such, Plaintiff also seeks to disable domain names owned by Defendants that are the means by which Defendants could continue to infringe Plaintiff's Design.

**COUNT I**

**INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)**

26. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 25.

27. Plaintiff is the lawful assignee of all right, title, and interest in the HANG HERO Design. *See* **Exhibit 1**.

28. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of infringing products that infringe the ornamental designs claimed in the Plaintiff's design patent.

29. Defendants have been and are infringing Plaintiff's design patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C. § 271(a).

30. Defendants have infringed Plaintiff's design patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of the exclusivity conferred by its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

31. Defendants have infringed Plaintiff's design patent because, in the eye of an ordinary observer familiar with prior art, giving such attention as a purchaser usually gives, the ornamental design of Plaintiff's design patent and the overall design features of Defendants' products are substantially the same, if not identical, with resemblance such as to deceive an ordinary observer, including to deceive such observer to purchase an infringing product supposing it to be Plaintiff's product protected by Plaintiff's design patent.

32. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages that are appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the design claimed in the HANG HERO Design;

ii. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the HANG HERO Design; and

iii. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (i) and (ii); and

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Aliexpress, Amazon, Shein, Shopify, Temu, TikTok, and Walmart; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and X; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in the HANG HERO Design;

C. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's design patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

D. That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the HANG HERO Design be increased by three times the amount thereof, as provided by 35 U.S.C § 284;

E. In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendants' infringement of the HANG HERO Design, pursuant to 35 U.S.C § 289;

F. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

G. That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: November 6, 2026

Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com